IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal Action No. 07- 101-UNA |
| MICHAEL A. PINGITORE, | ) ) ) |
| Defendant. | ) |

**INFORMATION**

The United States Attorney for the District of Delaware charges that:

**Introduction**

1. At all times material herein,

   A. The Delaware Rural Letter Carriers' Association (DERLCA), which represents approximately 400 hundred rural letter carriers employed by the United States Postal Service (USPS) in the State of Delaware, is a "labor organization," within the meaning of 29 U.S.C. § 402(i) and (j).

   B. DERLCA is affiliated with the National Rural Letter Carriers' Association (NRLCA), which is located in Alexandria, Virginia, and is the national union representing rural letter carriers employed by the USPS. NRLCA negotiates and signs a collective bargaining agreement with the USPS, and DERLCA maintains the collective bargaining agreement with the USPS in the State of Delaware.

   C. Defendant Michael A. Pingitore is a rural letter carrier and member of the DERLCA and NRLCA. Between in or around May 2000, until on or about September 6, 2006, Pingitore served as secretary-treasurer of the DERLCA. In that capacity, Pingitore's duties included preparing correspondences, having custody of all moneys and properties of the association, maintaining full and

FILED
JUL 12 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

    accurate records of such moneys, preparing reports of the financial transactions and status of the association, and drawing and signing checks issued in payment of obligations of the association.

D.  DERLCA maintained two authorized bank accounts – a checking account and a savings account – with the Atlanta Postal Credit Union under the name: NRLCA-DE. The checking account was the general operating account from which all union checks were drawn and cashed. The savings account was designed to keep one year of operating expenses in surplus for emergency expenditures, as well as to get the benefit of a higher interest yield. The accounts maintained at the Atlanta Postal Credit Union were the only authorized DERLCA accounts.

E.  By virtue of his office as secretary-treasurer, Pingitore was an authorized signatory on the DERLCA bank accounts. DERLCA bylaws, as adopted during the time period encompassed by this Information, provided that only one officer's signature – either the president, vice-president, or secretary-treasurer of the union – was required to issue checks and withdraw funds from the union's accounts.

### The Scheme

2. Between October 18, 2002, though March 3, 2006, Pingitore embezzled $58,908.38 from the DERLCA. The purpose of the scheme was for Pingitore to embezzle money entrusted to him in his capacity as secretary-treasurer of the DERLCA for his personal use.

3. As an essential part of the scheme, Pingitore opened an unauthorized checking account in the DERLCA's name at PNC Bank on July 30, 2001. The checking account was assigned account number 560-461-5586. The DERLCA Executive Board did not authorize Pingitore to open the PNC account, as required by DERLCA bylaws. Pingitore utilized the unauthorized PNC account to divert funds that should have been deposited and/or maintained in the

DERLCA's authorized checking account with the Atlanta Postal Credit Union. Pingitore diverted DERLCA funds into the unauthorized PNC account using four separate schemes.

    A.     Diverted NRLCA Reimbursement Checks

          i.     Between on or about October 21, 2002, until on or about June 4, 2004, the NRLCA issued seven (7) checks to the DERLCA as reimbursement payments for mileage and per diem expenses incurred by state officers conducting business on behalf of the NRLCA.

          ii.     The seven checks, which totaled $5,547.95, were directed to defendant Michael A. Pingitore in his capacity as DERLCA secretary-treasurer.

          iii.     Pingitore did not deposit the checks into the DERLCA's authorized checking account with the Atlanta Postal Credit Union, but rather deposited the checks into the unauthorized PNC checking account under his personal control. Pingitore then drew checks from the authorized Atlanta Postal Credit Union Account to reimburse the state officers.

          iv.     NRLCA records reveal that Pingitore was entitled to $1,629.75 in reimbursement payments over the relevant time period. Accordingly, Pingitore fraudulently converted a total of $3,918.20 in NRLCA reimbursement checks to his own behalf.

    B.     Diverted GMAC Insurance Incentive Promotion Rebate Checks

          i.     GMAC Insurance Company (formerly Motors Ins Corp - National Insurance Company) has a promotional program in which rural letter carriers associations that promote the company receive insurance incentive checks if union members sign up for vehicle insurance through GMAC. The DERLCA is a participant in the GMAC Insurance Company

     promotion.

  ii. Between October 18, 2002, and July 12, 2005, GMAC Insurance Company issued thirteen (13) checks to the DERLCA, in care of defendant Pingitore in his capacity as secretary-treasurer. The checks totaled $16,259.94.

  iii. Pingitore deposited each of the GMAC insurance incentive checks into the unauthorized PNC checking account for his own benefit, rather than into the authorized Atlanta Postal Credit Union checking account.

C. Diverted Direct Payments to the DERLCA by Union Members

  i. Between January 7, 2003, and March 25, 2005, Pingitore received in his capacity as secretary-treasurer of the DERLCA ninety-nine (99) checks and two (2) money orders from various DERLCA members as direct payments for union dues and fees. The total amount of the direct payments received was $2,224.00.

  ii. Pingitore deposited the checks and money orders into the unauthorized PNC account for his own benefit, without authorization from the DERLCA Executive Board.

D. Diverted DERLCA Checks

  i. Between May 15, 2003, and January 11, 2005, Pingitore issued eight (8) unauthorized checks to "DE Rural Letter Carriers" from the DERLCA's authorized account with the Atlanta Postal Credit Union. The eight checks totaled $9,900.00.

  ii. The checks were deposited into the unauthorized PNC account under Pingitore's personal control. The DERLCA Executive Board did not authorize Pingitore to issue the checks or to deposit the checks into the

unauthorized PNC account.

4.   As an additional part of the scheme to defraud the DERLCA, Pingitore issued (4) unauthorized union checks from the Atlanta Postal Credit Union to himself, which totaled $19,727.37. Pingitore did not prepare and submit vouchers for these four payments, and the DERLCA State President did not approve the payments.

5.   It was further part of the scheme that Pingitore applied for and received a VISA credit card though the DERLCA's checking account with the Atlanta Postal Credit Union. Pingitore did not have authorization from the DERLCA's Executive Board to obtain the credit card. Pingitore used the credit card to make numerous purchases for his personal use. Between on or about June 30, 2003, until on or about November 23, 2005, Pingitore made five electronic transfers of union funds from the Atlanta Postal Credit Union checking account totaling $11,427.00. Approximately $6,878.87 of the total funds transferred from the authorized checking account was utilized to make credit card payments for items which Pingitore purchased for his own personal use. The DERLCA's Executive Board did not approve these five fund transfer payments.

## COUNT ONE

6.   Paragraphs 1-5 are hereby realleged and incorporated by reference.

7.   On or about June 29, 2004, in the District of Delaware, the defendant Michael A. Pingitore, while an officer, that is, secretary-treasurer of the Delaware Rural Letter Carriers' Association, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $2,301.00, to wit, reimbursements paid by the NRCLA to the DERLCA for expenses incurred by DERLCA officers.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT TWO

8.  Paragraphs 1-7 are hereby realleged and incorporated by reference.

9.  On or about September 29, 2004, in the District of Delaware, the defendant Michael A. Pingitore, while an officer, that is, secretary-treasurer of the Delaware Rural Letter Carriers' Association, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $1,618.00, to wit, a GMAC insurance incentive promotion rebate check made payable to the DERLCA.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT THREE

10. Paragraphs 1-9 are hereby realleged and incorporated by reference.

11. On or about October 27, 2003, in the District of Delaware, the defendant Michael A. Pingitore, while an officer, that is, secretary-treasurer of the Delaware Rural Letter Carriers' Association, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $54.00, to wit, a direct payment made by a DERLCA member to the union.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT FOUR

12. Paragraphs 1-11 are hereby realleged and incorporated by reference.

13. On or about January 11, 2005, in the District of Delaware, the defendant Michael A. Pingitore, while an officer, that is, secretary-treasurer of the Delaware Rural Letter Carriers'

Association, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $3,300.00, to wit, the amount of an unauthorized check issued from the DERLCA's authorized checking account into a checking account under the defendant's personal control.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT FIVE

14. Paragraphs 1-13 are hereby realleged and incorporated by reference.

15. On or about December 9, 2004, in the District of Delaware, the defendant Michael A. Pingitore, while an officer, that is, secretary-treasurer of the Delaware Rural Letter Carriers' Association, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $6,727.37, to wit, a check that the defendant issued from the DERLCA's authorized checking account which the defendant issued without submitting a voucher or receiving authorization from the DERLCA State President, as required by the DERLCA's constitution and bylaws.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT SIX

16. Paragraphs 1-15 are hereby realleged and incorporated by reference.

17. On or about June 30, 2003, in the District of Delaware, the defendant Michael A. Pingitore, while an officer, that is, secretary-treasurer of the Delaware Rural Letter Carriers' Association, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $1,556.45, to

wit, an unauthorized electronic fund transfer from the DERLCA's authorized checking account.

All in violation of Title 29, United States Code, Section 501(c).

COLM F. CONNOLLY
United States Attorney

By: /s/ Robert F. Kravetz
Robert F. Kravetz
Assistant United States Attorney

Dated: July 12, 2007