IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal Action No. 07- 101-GMS ) |
| MICHAEL A. PINGITORE, | ) ) |
| Defendant. | ) ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Michael A. Pingitore, by and through his attorney, Jerome M. Capone, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to waive Indictment and plead guilty in the United States District Court for the District of Delaware to a six-count Information. Counts One through Six charge him with embezzlement by an officer of a labor organization, in violation of 29 U.S.C. § 501(c). Each count carries a maximum sentence of five years imprisonment, a $10,000 fine, 3 years supervised release, a $100 special assessment, and restitution.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following elements with respect to Counts One through Six of the Information: (1) that on or about the date alleged in the Information, the defendant knowingly embezzled or unlawfully converted to his own use or the use of another; (2) the moneys, funds or other assets of; (3) a labor organization of which; (4) the defendant is an officer or employee.

3.  In connection with the parties' agreement, the defendant and the government stipulate and agree as follows

   a.  During the period of October 18, 2002, through March 3, 2006, the defendant embezzled a total of $58,908.38 in funds of the Delaware Rural Letter Carriers' Association (DERLCA) while acting as the union's secretary-treasurer.

   b.  The defendant acknowledges his responsibility for the specific charges as set forth in Counts One through Six of the Information. In so doing, the defendant agrees and admits with respect to each charge in the Information that, on the dates alleged in the Information, he (1) knowingly embezzled or unlawfully converted to his own use or the use of another; (2) the moneys, funds or other assets of; (3) the DERLCA, a labor organization of which; (4) the defendant was the secretary-treasurer.

   c.  The parties agree, and the defendant admits, that Appendix A to the plea agreement, incorporated by reference herein, accurately lists the specific instances in which the defendant embezzled funds from the DERLCA  The parties further agree that the $58,908.38 embezzled by the defendant constitutes the defendant's relevant conduct under Section 1B1.3 of the United States Sentencing Guidelines.

   d.  In accordance with this agreement, the Government agrees not to file charges against the defendant with respect to one hundred thirty-two additional instances in which the defendant embezzled funds from the DERLCA in violation of 29 U.S.C. §501(c). These instances are included in the relevant conduct calculation listed in Paragraph 3c. In addition, the Government agrees not to file charges that the

defendant falsified a record to impede or obstruct a federal investigation, in violation of 18 U.S.C. § 1519.

4. Based upon the stipulation as to the total loss incurred by the DERLCA, the parties agree that the defendant's base offense level should be level 12. U.S.S.G. § 2B1.1(a)(2) & (b)(1)(D). The parties further agree that the defendant is subject to a two-level increase in his guideline offense level for abusing a position of trust. U.S.S.G. § 3B1.3. In addition, the parties agree that the defendant is subject to a two-level increase in his guideline offense level for obstructing or impeding the administration of justice, as the defendant produced falsified records in response to an official investigation. U.S.S.G. § 3C1.1. As a result of these stipulations, the parties estimate that the defendant's adjusted guideline offense level (before acceptance of responsibility) is level 16. The defendant understands that the final determination of the sentencing guidelines will be made by the sentencing judge. The defendant acknowledges that the Court is not bound by any agreement or stipulation between the parties as to the sentencing guidelines calculation, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

5. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a

sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. In accordance with Title 18, United States Code, Section 3663A(c)(1)(B), the defendant agrees to make full restitution payments in the amount of $58,908.38 to the victim of the offense, the Delaware Rural Letter Carriers' Association.

8. The defendant agrees to pay the $600 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) that the sentencing judge erroneously departed upwards from the guidelines range, or (3) that his counsel was constitutionally ineffective.

10. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                              COLM F. CONNOLLY
                                              United States Attorney

_____    By: _____
Jerome M. Capone, Esquire                    Robert F. Kravetz
Attorney for the Defendant                  Assistant United States Attorney


_____
Michael A. Pingitore, Defendant


Dated: July 23, 2007

       AND NOW, this __23rd__ day of July 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

                                              _____
                                              Hon. Gregory M. Sleet
                                              Chief United States District Judge



FILED

JUL 2 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# Appendix A

## Schedule of Diverted National Rural Letter Carriers' Association Reimbursement Checks

| CHECK # | DATE | AMOUNT | AMOUNT DIVERTED | DEPOSITED |
|---|---|---|---|---|
| 37371 | 10/21/02 | 367.16 | 367.16 | 01/07/03 |
| 38467 | 04/03/03 | 92.16 | 92.16 | 04/23/03 |
| 38557 | 04/11/03 | 620.64 | 620.64 | 04/23/03 |
| 40419 | 10/31/03 | 366.24 | 366.24 | 11/03/03 |
| 41689 | 04/20/04 | 1,295.25 | 95.25 | 06/29/04 |
| 41749 | 04/21/04 | 2,730.75 | 2301.00 | 06/29/04 |
| 42127 | 06/04/04 | 75.75 | 75.75 | 06/29/04 |

SUBTOTAL $3,918.20

## Conduct Relating to Count Two: Schedule of Diverted GMAC Insurance Promotion Rebate Checks

| CHECK # | DATE | AMOUNT | DEPOSITED |
|---|---|---|---|
| 10037614 | 10/18/02 | 1,473.00 | 01/07/03 |
| 10170524 | 01/16/03 | 1,404.00 | 01/29/03 |
| 10192139 | 04/25/03 | 1,255.00 | 05/05/03 |
| 10204261 | 07/11/03 | 1,170.00 | 07/30/03 |
| 10221069 | 10/14/03 | 1,383.00 | 10/22/03 |
| 10223661 | 10/28/03 | 500.00 | 11/04/03 |
| 10234214 | 01/13/04 | 1,165.00 | 02/03/04 |
| 10252013 | 04/15/04 | 1,018.00 | 06/30/04 |
| 10267935 | 07/13/04 | 1,618.00 | 09/29/04 |
| 10285390 | 10/14/04 | 1,294.00 | 11/04/04 |
| 10299420 | 01/13/05 | 1,167.00 | 01/24/05 |
| 10315685 | 04/14/05 | 1,237.76 | 05/10/05 |
| 60000260 | 07/12/05 | 1,575.18 | 07/29/05 |

SUBTOTAL $16,259.94

## Schedule of Diverted Direct Payments to the Delaware Rural Letter Carriers' Association

| CHECK # | DATE | AMOUNT | DEPOSITED |
|---|---|---|---|
| 96092 | 10/11/02 | 18.00 | 01/17/03 |
| 1349 | 10/26/02 | 36.00 | 01/17/03 |
| 3203 | 10/11/02 | 36.00 | 01/17/03 |
| 3052 | 10/02/02 | 36.00 | 01/17/03 |
| 866 | 09/30/02 | 36.00 | 01/17/03 |
| 2860 | 10/11/02 | 36.00 | 01/17/03 |
| 5266 | 10/04/02 | 36.00 | 01/17/03 |
| 1951 | 09/30/02 | 36.00 | 01/17/03 |
| 4673 | 10/17/02 | 36.00 | 01/17/03 |
| 3048 | 10/14/02 | 36.00 | 01/17/03 |
| 3958 | 10/22/02 | 36.00 | 01/17/03 |
| 531 | 09/29/02 | 36.00 | 01/17/03 |
| 5053 | 10/11/02 | 18.00 | 01/17/03 |
| 4342 | 10/13/02 | 18.00 | 01/17/03 |
| 3706 | 10/15/02 | 18.00 | 01/17/03 |
| 1504 | 10/09/02 | 18.00 | 01/17/03 |
| 1803 | 10/14/02 | 18.00 | 01/17/03 |
| 2010 | 10/08/02 | 18.00 | 01/17/03 |
| 3200 | 10/17/02 | 18.00 | 01/17/03 |
| 3536 | 10/26/02 | 18.00 | 01/17/03 |
| 1518 | 10/04/02 | 18.00 | 01/17/03 |
| 5808 | 10/11/02 | 18.00 | 01/17/03 |
| 567 | 10/10/02 | 18.00 | 01/17/03 |
| 5452 | 10/02/02 | 18.00 | 01/17/03 |
| 5248 | 10/09/02 | 18.00 | 01/17/03 |
| 5075 | 10/12/02 | 18.00 | 01/17/03 |
| 5827 | 10/10/02 | 18.00 | 01/17/03 |
| 2124 | 10/07/02 | 18.00 | 01/17/03 |
| 2680 | 10/11/02 | 18.00 | 01/17/03 |
| 6460 | 10/10/02 | 18.00 | 01/17/03 |
| 4913 | 10/08/02 | 18.00 | 01/17/03 |
| 8345 | 10/11/02 | 18.00 | 01/17/03 |
| 9134 | 02/22/03 | 28.00 | 04/02/03 |
| 1635 | 02/09/03 | 26.00 | 04/02/03 |
| 769 | 02/22/03 | 26.00 | 04/02/03 |

| CHECK # | DATE | AMOUNT | DEPOSITED |
|---:|---|---:|---|
| 688 | 02/10/03 | 26.00 | 04/02/03 |
| 5374 | 02/12/03 | 26.00 | 04/02/03 |
| 2230 | 02/10/03 | 26.00 | 04/02/03 |
| 3358 | 02/12/03 | 26.00 | 04/02/03 |
| 2767 | 02/11/03 | 13.00 | 04/02/03 |
| 1269 | 02/12/03 | 13.00 | 04/02/03 |
| 551 | 02/12/03 | 13.00 | 04/02/03 |
| 5440 | 02/10/03 | 13.00 | 04/02/03 |
| 5351 | 02/12/03 | 13.00 | 04/02/03 |
| 343 | 02/12/03 | 13.00 | 04/02/03 |
| 2249 | 02/15/03 | 13.00 | 04/02/03 |
| 1519 | 02/12/03 | 13.00 | 04/02/03 |
| 101 | 02/12/03 | 13.00 | 04/02/03 |
| 874 | 02/12/03 | 13.00 | 04/02/03 |
| 6362 | 02/12/03 | 13.00 | 04/02/03 |
| 7136 | 02/11/03 | 13.00 | 04/02/03 |
| 6761 | 10/02/03 | 18.00 | 10/27/03 |
| 12408 | 10/11/03 | 18.00 | 10/27/03 |
| 599 | 10/05/03 | 18.00 | 10/27/03 |
| 6031 | 10/09/03 | 18.00 | 10/27/03 |
| 3481 | 10/09/03 | 18.00 | 10/27/03 |
| 9097 | 10/09/03 | 18.00 | 10/27/03 |
| 2951 | 10/09/03 | 18.00 | 10/27/03 |
| 1950 | 10/09/03 | 18.00 | 10/27/03 |
| 3123 | 10/11/03 | 18.00 | 10/27/03 |
| 3239 | 10/05/03 | 36.00 | 10/27/03 |
| 2534 | 10/09/03 | 36.00 | 10/27/03 |
| 982 | 10/09/03 | 36.00 | 10/27/03 |
| 2051 | 10/10/03 | 36.00 | 10/27/03 |
| 3625 | 10/10/03 | 36.00 | 10/27/03 |
| 8581 | 10/07/03 | 54.00 | 10/27/03 |
| 3026 | 10/07/03 | 54.00 | 10/27/03 |
| 1630 | 10/06/03 | 36.00 | 10/27/03 |
| 12638 | 02/19/04 | 12.00 | 03/22/04 |
| 5627 | 02/19/04 | 12.00 | 03/22/04 |
| 3638 | 02/09/04 | 12.00 | 03/22/04 |
| 2622 | 02/10/04 | 12.00 | 03/22/04 |
| 3035 | 02/11/04 | 12.00 | 03/22/04 |
| 6020 | 02/10/04 | 12.00 | 03/22/04 |
| 3300 | 02/14/04 | 12.00 | 03/22/04 |
| 6392 | 02/16/04 | 12.00 | 03/22/04 |
| 8664 | 02/19/04 | 12.00 | 03/22/04 |
| 7342 | 02/13/04 | 24.00 | 03/22/04 |
| 1890 | 02/17/04 | 24.00 | 03/22/04 |

| CHECK # | DATE | AMOUNT | DEPOSITED |
|---|---|---|---|
| 1290 | 02/18/04 | 24.00 | 03/22/04 |
| 5866 | 02/28/04 | 24.00 | 03/22/04 |
| 1670 | 03/03/04 | 33.00 | 03/22/04 |
| 1052 | 03/09/04 | 33.00 | 03/22/04 |
| 4853 | 07/22/04 | 33.00 | 09/29/04 |
| 751542 | 11/22/04 | 57.00 | 12/14/04 |
| 3262 | 02/14/05 | 12.00 | 03/25/05 |
| 1510 | 02/11/05 | 12.00 | 03/25/05 |
| 9138 | 02/11/05 | 12.00 | 03/25/05 |
| 4147 | 02/11/05 | 12.00 | 03/25/05 |
| 7288 | 02/08/05 | 12.00 | 03/25/05 |
| 1193 | 02/26/05 | 12.00 | 03/25/05 |
| 2485 | 02/27/05 | 12.00 | 03/25/05 |
| 1753 | 02/09/05 | 24.00 | 03/25/05 |
| 2102 | 02/09/05 | 24.00 | 03/25/05 |
| 3309 | 02/26/05 | 24.00 | 03/25/05 |
| 1768 | 02/26/05 | 24.00 | 03/25/05 |
| 3081 | 02/05/05 | 36.00 | 03/25/05 |
| 5292 | 02/15/05 | 12.00 | 03/25/05 |
| 2692 | 02/15/05 | 12.00 | 03/25/05 |
| 1858 | 02/17/05 | 12.00 | 03/25/05 |
| 2855 | 02/18/05 | 12.00 | 03/25/05 |

**SUBTOTAL   $2.224.00**

## Schedule of Diverted Delaware Rural Letter Carriers' Association Checks

| CHECK # | DATE | AMOUNT | DEPOSITED |
|---|---|---|---|
| 1134 | 05/15/03 | 1,000.00 | 05/15/03 |
| 1147 | 06/28/03 | 500.00 | 06/30/03 |
| 1151 | 07/07/03 | 500.00 | 07/07/03 |
| 1162 | 07/31/03 | 2,000.00 | 07/31/03 |
| 1173 | 09/29/03 | 1,900.00 | 09/30/03 |
| 1307 | 01/02/05 | 500.00 | 01/03/05 |
| 1309 | 01/09/05 | 200.00 | 01/10/05 |
| 1310 | 01/11/05 | 3,300.00 | 01/11/05 |

**SUBTOTAL   $9,900.00**

## Schedule of Unauthorized DERLCA Checks
## Issued to Michael Pingitore

| CHECK | DATE | AMOUNT | DEPOSITED |
|---|---|---|---|
| 1300 | 12/09/04 | 6,727.37 | 12/01/04 |
| 1304 | 12/15/04 | 5,000.00 | 12/16/04 |
| 1306 | 12/15/04 | 5,000.00 | 12/16/04 |
| 1448 | 03/06/06 | 3,000.00 | 03/09/06 |

SUBTOTAL   $19,727.37

## Unauthorized Credit Card Payments Made Via Electronic Funds Transfers from the DERLCA's Checking Account

| TRANSFER DATE | TRANSFER AMOUNT | UNATHORIZED PAYMENT AMOUNT |
|---|---|---|
| 06/30/03 | $2,000.00 | $1,556.45 |
| 07/29/03 | $2077.92 | $1,451.95 |
| 11/06/03 | $1,730.54 | $1,073.58 |
| 02/07/05 | $2,802.41 | $1,489.74 |
| 11/23/05 | $2,816.13 | $1,307.15 |

SUBTOTAL   $6,878.87

**Total Amount of Loss for Counts One Through Six: $58,908.38**